Mark S. Horoupian (CA Bar No. 175373)
  *mhoroupian@sulmeyerlaw.com*
Steven F. Werth (CA Bar No. 205434)
  *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Proposed Special Litigation Counsel for
Power Balance, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>POWER BALANCE, LLC, a Delaware limited liability company,<br><br>　　　　Debtor. | Case No. 8:11-bk-25982 TA<br><br>Chapter 11 |
| POWER BALANCE, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MERCURY PUBLIC AFFAIRS, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | Adv. No.<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b), 550 AND 551**<br><br>Status Conference:<br><br>Date:　{To Be Set By Court}<br>Time:　{To Be Set By Court}<br>Place:　Courtroom 5B<br>　　　　411 West Fourth Street<br>　　　　Santa Ana, CA 92701 |

For its Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547(b), 550 And 551 (the "Complaint"), against Mercury Public Affairs, LLC ("Defendant"), Power Balance, LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor" or "Plaintiff"), hereby alleges as follows:

ASOKOLOWSKI\ 2417577.1

## REQUIRED PLEADING DISCLOSURE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Plaintiff hereby alleges that the Claims for Relief set forth in the Complaint constitute a core proceeding under 28 U.S.C. § 157(b), in that the Claims for Relief relate directly to property which may be property of the Debtor's bankruptcy estate (the "Estate"). Regardless of whether the Claims for Relief are core or non-core, the Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

## STATEMENT OF JURISDICTION AND PROCEEDINGS

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this is a civil proceeding arising in and/or related to the Debtor's Chapter 11 case, styled *In re Power Balance, LLC* (Case No. 8:11-bk-25982-TA) currently pending in the Santa Ana Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in this Central District of California as the acts and conduct complained of herein took place within this district. Accordingly, this Court also has personal jurisdiction over the Defendant.

3. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(F) and (H).

4. On November 18, 2011 (the "Petition Date"), the Debtor filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code.

## PARTIES

5. The Plaintiff is the Debtor, and brings this action for the benefit of the Estate and its creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in these cases one or more creditors holding unsecured claims allowable

ASOKOLOWSKI\ 2417577.1                                     2

under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Debtor's petition was filed.

6. Plaintiff is informed and believes and based thereon alleges that Defendant Mercury Public Affairs, LLC is a Delaware limited liability company and is authorized to do and is doing business in the State of California. At all relevant times, Defendant was an entity for whose benefit certain of the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7. The Debtor was established in 2009. It marketed hologram bracelets, pendants, necklaces and other items worldwide which purported to improve athletic performance.

8. While the Debtor experienced some initial success, In 2010 the Debtor began receiving negative press as a result of numerous accusations that it made false claims regarding the bracelets. In particular, and without limitation, the following events took place:

    a. In mid-2010 the governments of Spain and Italy launched investigations into Power Balance's claims based upon consumer complaints. Numerous websites were launched throughout the world claiming that Power Balance was a scam.

    b. In September 2010 a French Regional Institute of Sports Medicine and a French laboratory "Volodalen" concluded that the bracelets were ineffective..

    c. In October 2010 the University of Wisconsin concluded that the bracelets were ineffective.

    d. In December 2010 the Australian and Italian governments made findings of insufficient evidence for representations made by Power Balance.

e. In December 2010 Power Balance entered into a settlement with the Australian government whereby it agreed to provide refunds for a period of six months. As part of the settlement Power Balance also publicly admitted that it had no credible scientific evidence supporting its claims.

f. In December 2010 the Italian government fined Power Balance for false and misleading advertising.

g. In January 2011 the Netherlands and Argentina launched an investigation.

h. At least 22 lawsuits were filed in the United States which were consolidated into several class actions.

i. A class action complaint was filed by Andre Batungacal in the Central District of California on January 4, 2011 alleging misleading advertising ("Batungacal Action").

j. In April 2011 the District Court granted a motion for preliminary approval of the class.

k. On May 23, 2011 Power Balance's Australian distributor was placed into receivership.

9. The Debtor entered into a very burdensome supply agreement with Contec Corp., a Hong Kong based corporation ("Contec"), whereby Contec agreed to be the exclusive manufacturer of the Debtor's products. This agreement was for a term of five years. Under the agreement, payment was required 15 days after delivery. In September, 2010, the Debtor placed an order for 5 million units.

10. During the one-year period leading up to their bankruptcy filings, the Debtor became insolvent. The value of their assets was substantially less than the sum total of their obligations. Further, the Debtor was unable to pay their bills as the came due. Without limitation, the Debtor was unable to pay for invoices from Contec for inventory the Debtor had ordered. As the Debtor's financial condition worsened, and it

1 fell further and further behind in their obligations owing to Contec, and others, and as the
2 lawsuits described above mounted, the Debtor's insolvency deepened.

3       11.    During the time that the Debtor was in its precarious financial state,
4 for the purpose and with the intent of hindering, delaying and defrauding the creditors to
5 which the Debtor was indebted, the Debtor's principals began a systematic process of
6 draining the available cash from the Estate, by making large distributions and paying
7 large bonuses to insiders and certain preferred creditors. Certain of these transfers were
8 made for less than reasonably equivalent value in return and during a time in which the
9 Debtor was insolvent or rendered insolvent, or when the Debtor engaged or was about to
10 engage in a business or a transaction for which the remaining assets of the Debtor were
11 unreasonably small in relation to the business or transaction.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

13       12.    Plaintiff is informed and believes and on that basis alleges, that the
14 Debtor made transfers of property in the form of payments to the Defendant during the 90
15 day period prior to the Petition Date in the total aggregate amount of $44,979.94 (the
16 "Preferential Transfers"). Attached collectively hereto as **Exhibit "1"** is a chart identifying
17 the Preferential Transfers made to Defendant.

## FIRST CLAIM FOR RELIEF

**(Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. § 547(b))**

20       13.    Plaintiff realleges and incorporates herein by reference each and
21 every allegation contained in paragraphs 1 through 12 as though set forth in full.

22       14.    Plaintiff is informed and believes and, on that basis alleges thereon,
23 that the Preferential Transfers were made to Defendant for the benefit of Defendants,
24 who was a creditor of the Debtor at the time of the respective transfers as that term is
25 defined by 11 U.S.C. § 101(10).

26       15.    Plaintiff is informed and believes and, on that basis alleges thereon,
27 that the Preferential Transfers were transfers of interests of the Debtor in property.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

16. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before the Preferential Transfers were made.

17. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made while the Debtor was insolvent.

18. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers enabled Defendant to receive more than Defendant would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the respective transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

19. Interest on the Preferential Transfers has accrued and continues to accrue from the date each of the Preferential Transfers was made.

20. The Debtor is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Preferential Transfers are avoided.

## SECOND CLAIM FOR RELIEF

### (For Recovery Of Property Pursuant To 11 U.S.C. § 550)

21. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 as though set forth in full.

22. As alleged herein, Plaintiff is entitled to avoid the Preferential Transfers under 11 U.S.C. § 547. As the Defendant was the initial transferee of the Preferential Transfers, or the entity for whose benefit the Preferential Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Preferential Transfers, or any of them, Plaintiff is entitled to recover for the estates the proceeds or value of the respective transfers under 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

**(For Preservation Of Avoided Transfer Pursuant To U.S.C. § 551)**

23. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

24. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547, including the Preferential Transfers, for the benefit of the estates.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For a judgment that the Preferential Transfers are avoidable as preferential transfers under 11 U.S.C. § 547(b);

### ON THE SECOND CLAIM FOR RELIEF

2. For a judgment that the estates are entitled to recover the Preferential Transfers or the value thereof under 11 U.S.C. § 550;

### ON THE THIRD CLAIM FOR RELIEF

3. For a judgment that the estates are entitled to preserve any transfers avoided under 11 U.S.C. § 547(b), including the Preferential Transfers, for the benefit of the estates;

### ON ALL CLAIMS FOR RELIEF

4. For interest as permitted by law from the date of the transfers;

5. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

6. For such other and further relief as the Court deems just and proper.

1  DATED: November 15, 2013           Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation


By:  */s/Steven F. Werth*
     Mark S. Horoupian
     Steven F. Werth
     Attorneys for Plaintiff

ASOKOLOWSKI\ 2417577.1                    8

## **EXHIBIT "1"**

| CHECK DATE | AMOUNT |
|---|---|
| 9/1/2011 | $14,914.20 |
| 9/15/2011 | $15,065.74 |
| 9/29/2011 | $15,000.00 |
| TOTAL | $44,979.94 |

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>POWER BALANCE, LLC, a Delaware limited liability company | **DEFENDANTS**<br>MERCURY PUBLIC AFFAIRS, LLC, a Delaware limited liability company |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Mark S. Horoupian (CA Bar No. 175373)<br> mhoroupian@sulmeyerlaw.com<br>Steven F. Werth (CA Bar No. 205434)<br> swerth@sulmeyerlaw.com<br>SulmeyerKupetz<br>A Professional Corporation<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, California 90071-1406<br>Tel: (213) 626-2311   Fax: (213) 629-4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b), 550 AND 551**

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $44,979.94 |

Other Relief Sought
Costs of suit incurred; attorneys' fees

American LegalNet, Inc.
www.FormsWorkflow.com

ASOKOLOWSKI\ 2417576.1

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>POWER BALANCE, LLC, a Delaware limited liability company | BANKRUPTCY CASE NO.<br>8:11-bk-25982 TA | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Hon. Theodor C. Albert |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/Steven F. Werth* | | |
| DATE<br>November 15, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Mark S. Horoupian<br>Steven F. Werth<br>{Proposed} Special Litigation Counsel for Power Balance, LLC | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.